940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Todd LIVINGWAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1138.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 11, 1989, Livingway pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. The date of the offense was January 17, 1988. On November 16, 1989, Livingway was sentenced to twenty-seven months imprisonment and three years of supervised release, and assessed a fifty dollar special assessment.
 
 
 3
 In his motion to vacate, Livingway maintained that a period of supervised release for persons convicted of conspiracy was not authorized at the time of his offense. He asserted that the statute authorizing supervised release was amended to apply to conspiracy offenses after the date of his offense and prior to sentencing.
 
 
 4
 The district court determined that the general language of the sentencing guidelines, which were in effect at the time of the offense, authorized the imposition of the specific terms of supervised release in effect at the time of sentencing. The motion to vacate sentence was denied.
 
 
 5
 Upon review, we conclude that the imposition of a term of supervised release was authorized by law. See Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991); United States v. Van Nymegen, 910 F.2d 164, 166-67 (5th Cir.1990) (per curiam). Livingway's argument that his sentence violates the terms of his Fed.R.Crim.P. 11 plea agreement was not presented to the district court and will not be considered for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.