**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Peter Kim VAN NYMEGEN, Defendant–Appellant.**

**No. 88–6048 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 27, 1990.

---

Kyle B. Welch, McAllen, Tex. (Court-appointed), for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Christopher L. Milner, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

Peter Kim Van Nymegen (Van Nymegen) challenges the sentence imposed upon him pursuant to the Federal Sentencing Guidelines. Because we find that the district court correctly applied the Guidelines, we AFFIRM.

## I.

On February 9, 1988, Van Nymegen and five others were indicted for conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). On February 23, 1988, a six-count superseding indictment was filed, also charging the defendants with travel in interstate commerce to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3). Van Nymegen was named in the conspiracy count and two of the travel counts.

On May 2, 1988, Van Nymegen filed a waiver of indictment in open court; and the government filed a superseding criminal information to which Van Nymegen pleaded guilty. The criminal information contained one count, naming Van Nymegen and four others and charging a conspiracy from October 1, 1987, to on or about February 6, 1988, to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

Van Nymegen was sentenced on June 28, 1988, under the Guidelines. Van Nymegen's total offense level was "24," and his criminal history category was "I," resulting in a guideline range of 51 to 63 months. The court sentenced Van Nymegen to 63 months, a $50 special assessment, and no fine. In addition, the court required Van Nymegen to participate in a program of testing and treatment for drug and/or alcohol abuse and assessed a five year term of supervised release. The government then moved to dismiss the indictment, which was granted.

## II.

Van Nymegen contends that the five year supervised release does not apply to 21 U.S.C. § 846 because that provision did not authorize punishment other than by fine or imprisonment; that because § 846 was not amended until November 18, 1988, and the Guidelines do not authorize punishment outside the range provided by statute, the supervised release should not have been imposed.

The conspiracy for which Van Nymegen pleaded guilty occurred from October 1, 1987 to on or about February 6, 1988. At that time, 21 U.S.C. § 846 read as follows:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Pub.L. No. 91–513, Title II, § 406, Oct. 27, 1970, 87 Stat. 1265. Subsequent to the commission of the offense, and effective

November 18, 1988, § 846 was amended to read as follows:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Pub.L. No. 100–690, Title VI, § 6470(a), Nov. 18, 1988, 102 Stat. 4377.

Van Nymegen relies on *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), where the Supreme Court held that § 846 authorized only punishment by fine or imprisonment and did not authorize special parole terms. Because Congress did not amend § 846 until November 18, 1988, Van Nymegen contends that § 846 authorized punishment only by fine or imprisonment, and that therefore, under *Bifulco*, he could not receive supervised release.

Although § 846 did not provide for a term of special parole, Van Nymegen fails to recognize both that supervised release is not the equivalent of special parole and that the Sentencing Reform Act of 1984, Pub.L. No. 98–473 (codified as amended at 18 U.S.C. § 3551 *et seq.* (1985 and Supp. 1990)), is the source for the authority to impose supervised release in this instance. Authority for the imposition of supervised release for Van Nymegen's drug conspiracy conviction is found in 18 U.S.C. § 3583. Subsection (a) provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, *may* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute. (Emphasis added.)

And, subsection (b) provides in pertinent part:

> Except as otherwise provided, the authorized terms of supervised release are—
> (1) for a Class A or Class B felony, not more than five years....

18 U.S.C. § 3583(b).

Section 3583 became effective on November 1, 1987.[1] Van Nymegen's conspiracy continued until February 6, 1988, and therefore occurred in part after the effective date of the provision. *See United States v. Boyd*, 885 F.2d 246, 248 (5th Cir.1989), where the court held that the Guidelines applied to a drug conspiracy conviction for which the conspiracy had begun prior to the effective date of the Guidelines (November 1, 1987), but continued beyond that date. The analysis in *Boyd* applies here as well.[2] *See also United States v. White*, 869 F.2d 822, 826 (5th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

As quoted earlier, imposition of a term of supervised release under § 3583(a) is discretionary with the district court unless the offense of conviction is one where a term of supervised release is required by statute. Subsection (b) of § 3583 limits the length of time of supervised release that can be imposed according to the classification of the offense of conviction.

In *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989), *petition for cert. filed*, (April 23, 1990) (No. 89–7284), a similar argument was made in relation to 18 U.S.C. § 1952(a), which required a fine of not more than $10,000 or imprisonment for not more than five years or both. The court held that 18 U.S.C. § 3583(a) provided for a term of supervised release in addition to the sentence imposed in the applicable statute. It noted that Congress developed the supervised release program in order

> to ease the defendant's transition into the community after the service of a long prison term for a particularly serious of-

---

1. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235, 1984 U.S.Code Cong. & Admin. News (98 Stat.) 1987, 2031, amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin.News (99 Stat.) 1728.

2. Further, the concept of supervised release in § 3583 was incorporated in the Guidelines on November 1, 1987. *See* Guidelines §§ 5D1.1– 5D1.3.

fense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.

*Id.* at 1018 (quoting H.R.Rep. No. 98–1030, 98 Cong., 2nd Sess. 124, *reprinted in* 1984 U.S.Code Cong. & Admin.News, 3182, 3307). "The addition of a period of supervised release to a maximum jail sentence does not extend a party's imprisonment; therefore, it cannot create a violation of the maximum prison sentence allowed by statute." *Id. See also United States v. Chapa,* 904 F.2d 704 (5th Cir.1990) (unpublished), which upheld imposition of supervised release for an offense under 21 U.S.C. § 843(b).

The maximum sentence authorized under former § 846 was the same as that authorized for the underlying offense, § 841(b)(1)(B)—40 years. If the maximum imprisonment authorized by the statute is 25 years or more, the offense is classified under 18 U.S.C. § 3559(a)(2) as a Class B felony. The authorized term of supervised release for a Class B felony, according to the earlier quoted provisions of 18 U.S.C. § 3583(b) is not more than five years. Therefore, the five year term of supervised release imposed by the district court was authorized by law. *Butler,* 895 F.2d at 1018.

We uphold a sentence unless it is "imposed in violation of the law [or] ... as a result of an incorrect application of the sentencing guidelines [or is] outside the applicable guideline range, and is unreasonable...." 18 U.S.C. § 3742(f); *United States v. Hewin,* 877 F.2d 3, 4 (5th Cir. 1989). The district court correctly applied the Guidelines in imposing a term of supervised release pursuant to 18 U.S.C. § 3583(a).

### III.

Accordingly, the judgment is
AFFIRMED.