**UNITED STATES of America, Plaintiff,**

v.

**Donald Eugene LANGSTON, Defendant.**

**Crim. No. 3:90–CR–244–D.**

United States District Court,
N.D. Texas,
Dallas Division.

May 29, 1992.

Gary R. Powell (Court-appointed), of Locke Purnell Rain Harrell, Dallas, Tex., for defendant.

Michael J. Uhl, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

FITZWATER, District Judge.

▪ Defendant's motion for modification of period of supervised release presents the question whether a sentence imposed pursuant to 18 U.S.C. § 924(c)(1) may include a period of supervised release. A panel of the Fifth Circuit recently held that "no supervised release is allowed under the punishment provisions of 18 U.S.C. § 924." *United States v. Allison,* 953 F.2d 870, 875 (5th Cir.), *petition for cert. filed,* 60 U.S.L.W. —— (U.S. Apr. 29, 1992) (No. 91–8135). Because *Allison* is inconsistent with prior Fifth Circuit cases that permit supervised release, the court respectfully declines to follow *Allison* and denies the motion.

## I

Defendant Donald Eugene Langston ("Langston") pleaded guilty to a one-count information charging him with carrying a firearm during and in relation to the drug trafficking crime of possession of a listed chemical with intent to manufacture amphetamine. The court thereafter sentenced him to a period of 60 months imprisonment, pursuant to 18 U.S.C. § 924(c)(1).[1] The court also imposed a requirement that Langston serve a period of supervised release of three years.

Langston now moves the court to vacate the requirement that he serve the period of supervised release. Relying upon *Allison,* he argues the court erred in imposing supervised release as part of his sentence.[2]

1. 18 U.S.C. § 924(c)(1):

   Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years[.] ... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the

## II

The question presented by Langston's motion is whether *Allison*'s unmistakable holding that "no supervised release is allowed under the punishment provisions of 18 U.S.C. § 924" entitles him to relief.

Section 924(c)(1) prescribes a mandatory five-year sentence for one who carries a firearm during and in relation to any drug trafficking crime. While the statute expressly excludes the sentencing judge from suspending a defendant's sentence, placing a defendant on probation, or running the term of imprisonment concurrently with any other term of imprisonment, it is silent on the subject of supervised release. The *Allison* panel apparently understood § 924's failure to address the subject as foreclosing supervised release as a sentencing option.

▪ In the event of conflicting panel opinions, the earlier one controls, because one panel of the Fifth Circuit may not overrule another. *In re Dyke,* 943 F.2d 1435, 1442 (5th Cir.1991). In this court's view, the *Allison* holding on which Langston relies is inconsistent with an earlier line of cases, including a panel decision in *United States v. Van Nymegen,* 910 F.2d 164 (5th Cir.1990) (per curiam). The court now turns to these decisions to determine whether Langston is entitled to have the supervised release requirement vacated.

*Van Nymegen* did not decide a § 924 issue, but did hold that supervised release is made available as a sentencing option by 18 U.S.C. § 3583(a). According to

term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

2. After this opinion was written, but before it was filed, the government responded to Langston's motion. The government's arguments generally track the court's reasoning, although the government does not expressly acknowledge that *Allison* would be binding but for prior panel opinions that permit supervised release.

§ 3583(a),[3] "imposition of a term of supervised release under § 3583(a) is discretionary with the district court unless the offense of conviction is one where a term of supervised release is required by statute." *Van Nymegen*, 910 F.2d at 166. In *Van Nymegen* the defendant contended he was unlawfully sentenced to a period of supervised release for a violation of 21 U.S.C. § 846 that occurred prior to November 18, 1988, when § 846 was amended. *Id.* at 165. The relevant period for the § 846 conspiracy terminated on February 6, 1988. *Id.* Relying on the Supreme Court's decision in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), that the pre–1988 version of § 846 authorized only punishment by fine or imprisonment, Van Nymegen argued the district court erred by imposing a period of supervised release for a conspiracy completed prior to the date § 846 was amended. *Id.* at 166. The *Van Nymegen* panel disagreed. It held that supervised release was proper because § 3583(a), which took effect on November 1, 1987 (and therefore prior to the conclusion of the conspiracy period) permitted the sentencing judge to impose supervised release as a matter of discretion even if § 846 did not. *Id.* at 167.

In reaching this holding, the *Van Nymegen* panel demonstrated no intent to limit its reasoning to § 846. It relied expressly upon *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990), which held that § 3583(a) permitted a sentence of supervised release even though 18 U.S.C. § 1952(a) did not. *Id.* at 1018. Moreover, the Fifth Circuit has affirmed sentences imposed pursuant to § 924(c)(1) that included a term of supervised release in addition to the mandatory term of imprisonment.[4] *See, e.g., United States v. Gordon*, 901 F.2d 48, 49 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990); and *United States v. Randall*, 887 F.2d 1262, 1265 (5th Cir. 1989).

The same reasoning applies to § 924(c)(1). While that section makes no reference to supervised release, § 3583(a) separately provides the sentencing judge the authority to impose this as part of the sentence. On the basis of *Van Nymegen* and like cases, the court holds that Langston's three-year term of supervised release was authorized by § 3583(a). Because Langston pleaded guilty to a Class D felony, *see* 18 U.S.C. § 3559(a)(4), the three-year term was proper under § 3583(b)(2).

The result the court now reaches is consistent with a decision of the Ninth Circuit in *United States v. Robertson*, 901 F.2d 733 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 395, 112 L.Ed.2d 405 (1990). The *Robertson* panel addressed whether § 924(c)(1) permitted the sentencing judge to impose a period of supervised release. The defendant contended § 924(c)(1) allowed the judge to exact a maximum five-year sentence, of which supervised release must be a part. *Id.* at 735. The Ninth Circuit rejected the argument, expressly holding that "Section 3583(a) allows the court to impose a term of supervised release *after imprisonment,* and ... [n]othing in § 924(c)(1) indicates that the court may not impose an additional term of supervised release." *Id.* (emphasis in original).

\* \* \*

Because the reasoning and holding of *Van Nymegen* and similar cases permit the imposition of supervised release and predate *Allison,* the court denies the motion for modification.

SO ORDERED.

---

**3.** Section 3583(a) became effective November 1, 1987 and therefore applies to Langston's case.

**4.** The court recognizes the defendants in those cases apparently did not raise the question Langston now presents.