**Arnold G. THOMAS**

v.

**UNITED STATES of America.**

**Civ. A. No. 1:92 cv 464.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 17, 1993.

Arnold G. Thomas, pro se.

John Malcolm Bales, Asst. U.S. Atty., Beaumont, TX, for defendant.

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, District Judge.

Movant Arnold G. Thomas, a inmate proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court heretofore ordered this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a report and recommendation in this action. The magistrate judge recommends that the motion to vacate be denied upon the merits.

█ The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The movant has submitted objections to the recommendation of denial. This requires a *de novo* review of the objections in relation to the motion, the underlying criminal proceedings and the applicable law pursuant to Fed.R.Civ.P. 72(b).

Arnold Thomas pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Thomas received a term of 120 months confinement and three years supervised release on the conspiracy charge. Thomas received 60 months confinement, to be served consecutively to the 120 month term, and three years supervised release on the firearm charge. The two supervised release terms are to be served concurrently. Thomas did not appeal his conviction.

Thomas now brings this motion to vacate asserting nine grounds for review. The facts of the underlying criminal episode and the issues presented in this present motion are set out by the magistrate judge in his report. The claims will be reviewed as they are presented in the objections.

*Factual Basis of § 924(c)(1) Conviction*

■ Thomas asserts that he could not be held accountable for a violation of 18 U.S.C. § 924(c)(1). Specifically, Thomas believes he was not "using or carrying" a firearm as the term is used in section 924(c)(1).

Thomas had three loaded pistols in the vehicle in which he was travelling on the date of the arrest. In his objections, Thomas asserts he only "constructively possessed" the firearms and did not use the firearms.

The actual use of the firearm is not required to prove the element of "uses or carries." It is enough that the defendant possessed or had access to the weapon in order to sustain a conviction under section 924(c)(1). *United States v. Smith,* 978 F.2d 171 (5th Cir.1992); *United States Munoz–Fabela,* 896 F.2d 908 (5th Cir.) *cert. denied,* 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 49 (1990). This claim is without merit and will be denied.

*Sentencing Guidelines*

Thomas asserts he is entitled to the benefit of a change in the sentencing guidelines that took effect subsequent to his conviction. As the magistrate judge explained, the change that is now U.S.S.G. § 2D1.11 is not retroactive to Thomas' conviction. This claim is without merit and will be denied.

*Ineffective Assistance of Counsel*

■ Thomas claims he received ineffective assistance of counsel. Thomas bases this claim upon the proposition that counsel was ineffective in not objecting to the section 924(c)(1) conviction, allowing him to plea to an amount of methamphetamine that was unreasonable, allowing him to receive a term of supervised release in the section 924(c)(1) violation and allowing him to plead guilty to a crime which should have been defined as a Schedule III controlled substance. Three of these claims have been found to be without merit in other parts of this memorandum. Thus, Thomas cannot demonstrate any ineffective actions on the part of counsel for not bringing these meritless claims to the court's attention.

The fourth claim concerns the amount of methamphetamine which could have been produced. Thomas did not object to the magistrate judge's conclusion that this claim was without merit.

■ Thomas has added a new claim concerning his receipt of one criminal history point towards the calculation of his criminal history category. Thomas asserts his counsel was not effective because the underlying conviction was not a "sentence of imprisonment." The underlying conviction was a misdemeanor possession of marijuana in Montgomery County, Texas. Thomas received a fine for the conviction.

Thomas believes the criminal history guidelines require the prior sentence to be a "sentence of imprisonment." This theory is drawn from a misreading of the meaning of a "sentence of imprisonment" in relation to a "suspended sentence" found in one circuit opinion. *United States v. McCrary,* 887 F.2d 485, 489 (4th Cir.1989). It is clear that Thomas was given a one point enhancement due to a prior sentence. A prior sentence is defined as "any sentence previously imposed upon an adjudication of guilt" and is not limited to sentences involving imprisonment. *See* U.S.S.G. § 4A1.2(a). Thomas properly received one point and his counsel was not ineffective

for failing to object to the criminal history category.

Thomas has failed to demonstrate any ineffective assistance of counsel. This claim is without merit and will be denied.

*Supervised Release on a § 924(c)(1) Conviction*

█ Thomas asserts he was sentenced to three years of supervised release on the charge of carrying a firearm in relation to a drug trafficking offense. Thomas asserts that such a term of supervised release is not within the scope of sentencing allowed under section 924(c)(1).

In support of his claim, movant cites *United States v. Allison*, 953 F.2d 870 (5th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). In *Allison* the Fifth Circuit stated:

> The next question raised for our review is, did the trial court err in imposing a term of supervised release for use of a firearm during a felony? The Presentence Report correctly advised the Court in two different places that supervised release was not available on Count Three. The Defendant had no notice or opportunity to be heard concerning this term of supervised release. The Court imposed a three year term of supervised release on each of the four counts of the conviction all running concurrently. Since no supervised release is allowed under the punishment provision of 18 U.S.C. § 924, we reform the sentence imposed on Count Three by deleting the term of supervised release.

*Id.* 953 F.2d at 875. Count Three involved the use of a firearm in the commission of a felony. *Id.* at 872.

The plain language of the above-stated excerpt does not allow a term of supervised release for a violation of 18 U.S.C. § 924(c)(1). Section 924(c)(1) provides:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall in addition to the punishment provided for such crime ... be imprisoned for five years ...

Although the mandatory five year sentence of imprisonment is specified in section 924(c)(1), nothing is provided with respect to supervised release. Indeed, most criminal statutes do not mention supervised release. Supervised release is a separate part of the sentence permitted by 18 U.S.C. § 3583 that may be added to a term of imprisonment. Section 3583(b) provides that for a Class C or D felony, no more than three years of supervised release may be given. A violation of section 924(c)(1) is a Class D felony. *See* 18 U.S.C. § 3559. Thus, a three year term of supervised release appears to be allowed for a violation of section 924(c)(1). This is the conclusion of other circuits beyond the Fifth Circuit. *See United States v. Thompson*, 972 F.2d 344 (4th Cir.1992); *United States v. Robertson*, 901 F.2d 733 (9th Cir.1990).

Nevertheless, *Allison* is a panel decision of the Fifth Circuit which binds this court as much as it binds the rest of the Fifth Circuit. Therefore, this court can decline to apply the rule in *Allison* if, and only if, there is some reason why it does not bind the Fifth Circuit. After careful consideration, and after application of the Fifth Circuit rules of stare decisis, the court finds indeed that *Allison* is not the law of the Fifth Circuit on this issue.

█ The entrenched rule of the Fifth Circuit is that "one panel may not overrule the decision—right or wrong—of a prior panel, ... in the absence of *en banc* reconsideration or superseding decision of the Supreme Court." *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir.1991) (citations omitted). Therefore "where holdings in two .... opinions are in conflict, the earlier opinion controls and constitutes the binding precedent in the circuit." *Boyd v. Puckett*, 905 F.2d 895, 897 (5th Cir.), *cert. denied,* 498 U.S. 988, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990).

There is a prior conflicting decision. In *United States v. Van Nymegen*, 910 F.2d 164 (5th Cir.1990), a Fifth Circuit panel interpreted § 3583, in relation to a conviction under § 846, but not § 924. *Van Nymegen* held that "imposition of a term of supervised release under § 3583(a) is dis-

cretionary with the district court unless the offense of conviction is one where a term of supervised release is required by statute." *Id.* at 166. In so construing § 3583, the court rejected the defendant's argument that the absence of any mention of supervisory release in § 846 precluded its imposition under § 3583. *Id.*

In *United States v. Langston,* 791 F.Supp. 157 (N.D.Tex.1992), a defendant argued that his sentencing to a term of supervised release under § 924 violated the holding of *Allison.* Judge Fitzwater of the Northern District of Texas rejected this argument on the basis that *Allison* conflicted with the prior panel decision in *Van Nymegen,* and therefore *Allison* was not controlling precedent. 791 F.Supp. at 158–59. This court agrees with Judge Fitzwater's holding.

Arguably, *Van Nymegen* is not binding prior precedent because *Allison* construed § 924 and *Van Nymegen* did not. This might be true even if the underlying reasoning in the two cases is inconsistent, because inconsistent reasoning is not necessarily the same as conflicting holdings. Such an argument in this case, however, fails because the binding prior holding of *Van Nymegen* is *not its interpretation of § 846, but its interpretation of § 3583(a).* *Van Nymegen did* construe § 3583(a), the same statute which would authorize supervised release in this case, and presumably also in *Allison.*

*Allison* does not mention § 3583(a) or its relation to § 924. That leaves two possibilities. First, it is conceivable that *Allison* made no holding as to the meaning of § 3583(a). If so, *Allison's* interpretation is not a controlling rule for § 3583(a), leaving *Van Nymegen* as the valid rule in this case. Second, the more likely possibility is that *Allison* necessarily and impliedly ruled that § 3583(a) does not give the court discretion to impose supervised release. To give effect to that implied construction of § 3583(a) would require the court to ignore the earlier rule of *Van Nymegen* that § 3583(a) gives the court discretion to impose supervised release. Therefore, this court declines to follow *Allison,* not be-

cause it disagrees with its reasoning, but simply because it is not the law on this issue. Based on *Van Nymegen's* construction of § 3583(a), the court had the discretion to impose a term of supervised release for the violation of § 924. This claim is without merit and is denied.

### DEA's Outrageous Conduct

■ Thomas asserts it is outrageous conduct on the part of the Drug Enforcement Administration to operate reverse stings against methamphetamine producers.

Thomas and his co-defendant were involved in an ongoing criminal enterprise to produce methamphetamine. The agent of the Drug Enforcement Administration became involved after the co-defendants had solicited private drug providers for chemicals necessary to produce methamphetamine. The agents arrested the defendants at the point the crime of conspiracy could be proven. The agents did not provide Thomas with the three handguns for which he was convicted. The agents did not provide Thomas with the additional chemicals and equipment he used in producing methamphetamine at the San Jacinto County facility subsequent to his pretrial release on the present offense. Thomas' claim of overbearing government agents is ludicrous. The conduct of the government agents was proper. *See United States v. Knight,* 917 F.2d 1 (5th Cir.), *cert. denied,* 498 U.S. 991, 111 S.Ct. 533, 112 L.Ed.2d 543 (1990). This claim is without merit and will be denied.

### Methamphetamine as a Schedule II Controlled Substance

■ Movant asserts that methamphetamine was never properly reclassified from a Schedule III to a Schedule II controlled substance. According to movant, there is no documented proof that the HEW received a letter from the then BNDD requesting that amphetamine should be scheduled in a class II controlled substance.

This claim is a recurring claim by inmates sentenced for methamphetamine violations. Because of this, the circuits have researched the transfer of methamphetamine from a Schedule III to a Schedule II

controlled substance in 1971. The circuit courts have unanimously held that the transfer was proper when then Secretary of Health, Education and Welfare Richardson sent a letter to the Attorney General concerning the scientific and medical evaluation of amphetamine, thus complying with the requirements of 21 U.S.C. § 811(a). *United States v. Lafoon*, 978 F.2d 1183 (10th Cir.1992); *United States v. Sullivan*, 967 F.2d 370 (10th Cir.1992); *United States v. Allison*, 953 F.2d 870 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992); *United States v. Kinder*, 946 F.2d 362 (5th Cir.1991); *United States v. Durham*, 941 F.2d 886 (9th Cir. 1991); *United States v. Lane*, 931 F.2d 40 (11th Cir.1991). This claim is without merit and will be denied.

Accordingly, movant's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.