United States Court of Appeals,

Eleventh Circuit.

No. 94-8404.

UNITED STATES of America, Plaintiff-Appellee,

v.

Edwin Eugene TROUT, Defendant-Appellant.

Nov. 9, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 2:90-00021-CR-5-WCO), William C. O'Kelley, Judge.

Before EDMONDSON, COX and BIRCH, Circuit Judges.

PER CURIAM:

This appeal presents a first-impression issue for our circuit concerning whether 21 U.S.C. § 841(b)(1) was unconstitutionally vague prior to its amendment in 1990. The district court concluded that it was not and, following the rule of lenity, resentenced the defendant-appellant under section 841(b)(1)(B)(viii). We AFFIRM.

## I. BACKGROUND

Defendant-appellant Edwin Eugene Trout was convicted of conspiring to manufacture and to possess methamphetamine in violation of 21 U.S.C. § 846, manufacturing methamphetamine in violation of 21 U.S.C. § 841, and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841.[1] In Trout's first appeal, we remanded for resentencing because the district court improperly had treated as methamphetamine the gross weight of

---

[1] We have detailed the factual background of this case in *United States v. Newsome,* 998 F.2d 1571, 1574 (11th Cir.1993), *cert. denied,* --- U.S. ----, ----, 114 S.Ct. 734, 737, 126 L.Ed.2d 698, 700 (1994).

chemical mixtures that contained only trace amounts of methamphetamines. *United States v. Newsome,* 998 F.2d 1571, 1579 (11th Cir.1993), *cert. denied,* --- U.S. ----, ----, 114 S.Ct. 734, 737, 126 L.Ed.2d 698, 700 (1994). On remand, the district court sentenced Trout to concurrent forty-year prison terms on the conspiracy and manufacture charges and to a consecutive five-year prison term for possession; the court also sentenced Trout to ten years of supervised release.

Trout appeals from his resentencing. His main contention is that section 841(b)(1) is unconstitutionally vague or, alternatively, that the district court failed to follow the rule of lenity when applying this ambiguous sentencing provision to his case. Additionally, Trout argues that the district court erred by sentencing him under the harsher Guidelines applicable to D-methamphetamine, rather than those applicable to L-methamphetamine.[2]

---

[2]After reviewing the record, we conclude that Trout's five remaining issues on appeal lack merit and do not warrant extensive discussion. The district court properly enhanced Trout's sentence under U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor; as the chemist in charge of a methamphetamine laboratory, Trout "exercised management responsibility over the property, assets, or activities of a criminal organization," *id.,* comment. (n. 2). Additionally, the district court correctly applied U.S.S.G. § 4A1.2(e) because Trout had been incarcerated for a prior conviction within fifteen years of committing the present offenses; U.S.S.G. § 4A1.1(d) because Trout had been serving summary probation at the time of these crimes; and U.S.S.G. § 4B1.1 because Trout's two prior felony convictions for crimes of violence have no time limitations for purposes of categorizing Trout as a career offender. Trout's argument that his conviction for conspiracy should not count as a drug conviction for purposes of career offender guidelines was conceded by the government and accepted by the district court at resentencing; thus, that issue is moot.

## II. DISCUSSION

The constitutionality of section 841(b) is a question of law subject to *de novo* review. *United States v. Osburn,* 955 F.2d 1500, 1503 (11th Cir.), *cert. denied* --- U.S. ----, ----, 113 S.Ct. 223, 290, 121 L.Ed.2d 160, 215 (1992). Concerning Sentencing Guidelines issues, we review the district court's findings of fact for clear error and its application of law to those facts *de novo.* *United States v. Rojas,* 47 F.3d 1078, 1080 (11th Cir.1995).

### A. *Vagueness*

Trout first argues that the sentencing provision of section 841 is unconstitutionally vague. Because of a technical error in the 1988 Anti-Drug Abuse Amendments Act, sections 841(b)(1)(A)(viii) and 841(b)(1)(B)(vii) once prescribed two different punishments for the same offense. Under section 841(b)(1)(A)(viii), a first-time offender could receive "not ... less than 10 years or more than life" imprisonment for violations of section 841(a) involving 100 grams or more of a mixture or substance containing methamphetamine; under section 841(b)(1)(B)(viii), a first-time offender could receive "not ... less than 5 years and not more than 40 years" imprisonment for the identical crime. Although a 1990 amendment to section 841(b)(1)(A)(viii) substituted the words "1 kilogram or more" for "100 grams or more," the ambiguity was unresolved at the time of Trout's crimes at issue in this case.

"So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *United*

*States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). Whether section 841(b)(1), prior to its 1990 amendment, was unconstitutionally vague is an issue of first impression in this circuit. However, the Fifth Circuit has addressed this precise question on a number of occasions. *See United States v. Kinder,* 946 F.2d 362, 367-68 (5th Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1677, 118 L.Ed.2d 394, *and cert. denied,* 504 U.S. 946, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992); *United States v. Harris,* 932 F.2d 1529, 1535-36 (5th Cir.1991), *cert. denied,* 502 U.S. 897, 917, 112 S.Ct. 270, 324, 116 L.Ed.2d 223, 265 (1991), *and cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *United States v. Shaw,* 920 F.2d 1225, 1227-28 (5th Cir.), *cert. denied,* 500 U.S. 926, 111 S.Ct. 2038, 114 L.Ed.2d 122 (1991). Despite the ambiguity, the Fifth Circuit concluded that section 841(b)(1) was not unconstitutionally vague "because Congress defined clearly the conduct prohibited (possession of 100 grams of a substance containing methamphetamine), and defendants knew they faced imprisonment of at least five years." *Kinder,* 946 F.2d at 367-68. We accept this reasoning and conclude that section 841(b)(1) provided Trout with sufficient notice to satisfy due process. Although Trout may not have known under which provision he would be sentenced if convicted for the manufacture or possession of more than 100 grams of methamphetamine, he clearly knew that such conduct was illegal and punishable by at least five years imprisonment.

B. *Rule of Lenity*

Trout next contends that the district court failed to follow

the rule of lenity because the court did not sentence him under section 841(b)(1)(C), a less severe catchall provision with a maximum penalty of twenty years imprisonment. "When a criminal statute is ambiguous in its application to certain conduct, the rule of lenity requires it to be construed narrowly. "[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.' " *United States v. McLemore,* 28 F.3d 1160, 1165 (11th Cir.1994) (citation omitted) (alteration in original) (quoting *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971)). While we have not confronted this issue in the context of section 841(b)(1), the Fifth Circuit has held that the rule of lenity applies to sentencing under section 841(b)(1) prior to its 1990 amendment. *See United States v. Sherrod,* 964 F.2d 1501, 1505 (5th Cir.1992) (upholding a sentence imposed under section 841(b)(1)(B)(viii) for a defendant convicted of manufacturing 17.5 kilograms of a mixture containing methamphetamine, where offense occurred prior to 1990 amendment to section 841(b)(1)), *cert. denied,* --- U.S. ----, 113 S.Ct. 832, 121 L.Ed.2d 701, *and cert. dismissed,* --- U.S. ----, 113 S.Ct. 834, 122 L.Ed.2d 111 (1992), *and cert. denied,* --- U.S. ----, 113 S.Ct. 1367, 122 L.Ed.2d 745 (1993); *Kinder,* 946 F.2d at 368 (remanding case for resentencing where district court, prior to the 1990 amendment, sentenced a defendant under the harsher section 841(b)(1)(A)(viii) rather than section 841(b)(1)(B)(viii)).[3]

---

[3]Contrary to the Trout's suggestion, the Fifth Circuit in *United States v. Allison,* 953 F.2d 870, 872-73 (5th Cir.1992), did not require courts to apply section 841(b)(1)(C) when confronted with an ambiguous choice between sections 841(b)(1)(A)(viii) and 841(b)(1)(B)(viii). Instead, the district

We conclude that the rule of lenity does not require a sentencing court to apply section 841(b)(1)(C) when it is unclear whether a defendant's sentence is governed by section 841(b)(1)(A)(viii) or section 841(b)(1)(B)(viii). While the rule of lenity directs us to apply the lesser penalty when a statute presents an ambiguous choice between two punishments, the rule does not require us to forsake *both* possibilities and to search for an even more lenient alternative. "The rule of lenity only serves as an aid for resolving an ambiguity, it is not an inexorable command to override common sense and evident statutory purpose." *United States v. Brame,* 997 F.2d 1426, 1428 (11th Cir.1993). It is clear that Congress intended for either section 841(b)(1)(A)(viii) or section 841(b)(1)(B)(viii) to apply in situations involving more than 100 grams of mixtures containing methamphetamines; the statute is not so ambiguous that the district court should have resorted to sentencing under section 841(b)(1)(C).

In this case, the government conceded at resentencing that section 841(b)(1) was ambiguous and agreed that the district court should sentence Trout under section 841(b)(1)(B)(viii), which provided a lesser punishment than section 841(b)(1)(A)(viii). The district court accepted this recommendation and sentenced Trout under section 841(b)(1)(B)(viii). Because the district court sentenced Trout under less severe section 841(b)(1)(B)(viii), the rule of lenity was applied. *See Kinder,* 946 F.2d at 368 (remanding

court in *Allison* chose to sentence the defendants under section 841(b)(1)(C). Consequently, the Fifth Circuit concluded that the defendant had suffered no injury in fact under the ambiguous statutes and, therefore, lacked standing to raise the issue on appeal.

for resentencing under section 841(b)(1)(B)(viii) to implement the rule of lenity). Trout's alternative argument concerning application of the rule of lenity is meritless.

C. *D-methamphetamine versus L-methamphetamine*

Trout also argues that the government failed to establish that materials seized from one of Trout's coconspirators contained D-methamphetamine rather than L-methamphetamine, a less potent isomer of the same drug. D-methamphetamine carries a heavier penalty under the Sentencing Guidelines than does an equivalent amount of L-methamphetamine. *See* U.S.S.G. § 2D1.1; *United States v. Patrick,* 983 F.2d 206, 208 (11th Cir.1993). In *Patrick,* we held that the government must prove by a preponderance of the evidence that controlled substances contain D-methamphetamine rather than L-methamphetamine. *Id.* Trout would have us read *Patrick* as imposing an even stricter burden on the government by requiring the performance of one of two specific, laboratory procedures to distinguish between D-methamphetamine and L-methamphetamine.[4]

We decline to interpret *Patrick* to establish this sort of static, scientific orthodoxy. Our decision there depended less on the particular tests employed by government experts than it did on the testimony offered by those same experts. In *Patrick,* the government's expert witnesses referred to the seized materials as "methamphetamine," but they did not offer any testimony to

---

[4]In *Patrick,* we stated: "Although the [controlled substance] was tested to determine that it contained methamphetamine, *proof of which type of the drug was involved would have been impossible without the administration of the more sophisticated "plane polarized light' test, or the "optically active column' test. No such testing was performed."* Patrick, 983 F.2d at 208 (emphasis added).

establish whether they intended D-methamphetamine or L-methamphetamine. *See id.* at 209. We concluded that the government failed to satisfy its burden to prove which isomer was present in the illegal sample. *Id.* at 209, 211.

In contrast, the government did provide such direct evidence in this case; on numerous occasions, government witnesses specifically identified the seized materials as containing D-methamphetamine and described the tests used to analyze these materials, *see, e.g.,* R19-177. At trial, Trout offered no evidence to suggest that the seized materials did not contain D-methamphetamine or that the tests relied upon by the government were incapable of distinguishing between the two isomers. Consequently, the district court was not clearly erroneous in concluding that the government had proven by a preponderance of the evidence that the material seized from Trout's co-conspirator contained D-methamphetamine.

## III. CONCLUSION

Trout challenges his resentencing for convictions under 18 U.S.C. §§ 841 and 846. We conclude that section 841(b)(1), as it existed at the time of Trout's offenses, was not unconstitutionally vague; that the district court properly followed the rule of lenity when applying this ambiguous provision to Trout; and that the district court was not clearly erroneous in sentencing Trout under the Guidelines applicable to D-methamphetamine. We AFFIRM.