NOONAN, Circuit Judge,
dissenting:
As the opinion of the court observes, Ayala-Gomez was actually sentenced to eight months’ imprisonment, a term coinciding with the time he had already been in custody. Georgia did not treat his crime as deserving another four years and four months in jail. Ayala-Gomez was put on probation and deported. For a federal court to hold now that Ayala-Gomez had committed an aggravated felony in Georgia for which Georgia imposed a term of imprisonment of five years is to put a federal *1320 spin on a matter left to the States as well as to be draconian in a criminal case where venerable precedent tells us it is better to be mild.
The court correctly begins with U.S.S.G. § 2L1.2(b)(l)(A), which incorporates the definition of “aggravated felony” found in 8 U.S.C. § 1101(a)(43). The statute is in fact dispositive. The court is also correct that in a federal statute, federal law controls the meaning of the terms used unless Congress specifies otherwise. Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 111-12, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); United States v. Mejias, 47 F.3d 401, 403-04 (11th Cir.1995). Here, the relevant statute, 8 U.S.C. § 1101(a)(43) defines “aggravated felony” and states: “The term applies to an offense described in this paragraph whether in violation of Federal or State law....” The statute thus announces an intention to let the various laws of the fifty States determine what is sufficiently serious a crime to justify enhanced federal punishment. Under this language it is Ayala-Gomez’s conviction of forgery under the law of Georgia that makes him a candidate for the increased federal sanction. As the crime was a state crime, so too it must be state law that determines whether the term of imprisonment imposed was for “at least one year.” The term of imprisonment follows upon the state conviction. To say that Congress wanted a federal meaning for “term of imprisonment” when the term of imprisonment was attached to a state crime is to create a strange beast or chimera. It is also to fail to do justice to a statutory scheme which, in great detail, specifies federal crimes when they are meant, state crimes when they are included, and evinces an intent to respect state determinations when adding a federal sanction to a state conviction.
The reference to the law of a State in § 1101(a)(43) is as distinct, although not as complete, as the statutory reference to state law in 18 U.S.C. § 921(a)(20). United States v. Willis, 106 F.3d 966, 967 (11th Cir.1997). That local variation by jurisdiction is intended has been made indisputable by the interpretation given by the circuits, including this one, to the statutory phrase “term of imprisonment.” Does the phrase mean the sentence authorized by the law or the sentence actually imposed by the sentencing court? The answer has been unanimous. It means the sentence actually imposed. United States v. Maldonado-Ramirez, 216 F.3d 940, 943 (11th Cir.2000); United States v. Guzmam-Bera, 216 F.3d 1019, 1020 (11th Cir.2000); United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir.1999); United States v. Graham, 169 F.3d 787, 790-91 (3d Cir.), cert. denied, 528 U.S. 845, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999). As sentencing decisions will vary from trial judge to trial judge, especially in States without sentencing guidelines, there can be no question that Congress did not impose a uniform federal standard but sought to adjust the federal enhancement to the gravity of the sentence actually imposed by whatever trial judge had heard the prior criminal case.
The opinion of the court says that the ordinary canons of interpretation fail us. My reading of the statute is that it is clear: it defers, as to the definition here, to the States. But if I am wrong as to the clarity, and the meaning favored by the court is there, the statute is at the very least ambiguous. When a statute is ambiguous, there is a canon of impeccable authority: the rule of lenity. United States v. Trout, 68 F.3d 1276, 1280 (11th Cir.1995). Not out of a sentimental sympathy for criminals, but out of a desire to ensure every individual that the power of *1321 the government will be used only to enforce clearly prescribed norms, criminal statutes are read with a requirement that both the crime and its penalty be plainly defined and if “the issue is subject to some doubt,” the doubts “are resolved in favor of the defendant.” Adamo Wrecking Co. v. United States, 434 U.S. 275, 284-85, 98 S.Ct. 566, 54 L.Ed.2d 538 (1978).
I respectfully dissent.