IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-40919
Summary Calendar

—————————————

DARRELL GLENN THOMAS,

Petitioner-Appellant,

versus

JONATHAN DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-339
--------------------
June 19, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Darrell Glenn Thomas, federal prisoner # 18746-077, appeals
from the denial of his 28 U.S.C. § 2241 habeas corpus petition.
He argues that the district court erred in determining that his
Apprendi v. New Jersey, 530 U.S. 466 (2000), claim did not meet
the criteria for bringing a claim pursuant to the "savings
clause" of 28 U.S.C. § 2255.

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thomas contends that his sentence for possession of amphetamine with intent to distribute was unconstitutionally calculated in violation of Apprendi.  He bases this on the fact that the sentencing court determined his sentence by "equating" amphetamine with heroin, as provided by a Drug Equivalency Table appended to U.S.S.G. § 2D1.1 (1988).

"Apprendi does not apply to cases in which a sentence is enhanced within a statutory range based upon a finding of drug quantity."  United States v. Clinton, 256 F.3d 311, 314 (5th Cir.), cert. denied, 122 S. Ct. 492 (2001)  (citation and quotation marks omitted).  Thomas is complaining of a 162-month sentence, whereas the maximum penalty provided by § 841(b)(1)(C) for his offense is 20 years.  See United States v. Allison, 953 F.2d 870, 873 (5th Cir. 1992).

Because Thomas has no valid Apprendi claim, his petition for an en banc hearing is DENIED and the district court's judgment is AFFIRMED.

PETITION DENIED; JUDGMENT AFFIRMED.