UNITED STATES of America,
Plaintiff-Appellee,

v.

Douglas KNIGHT and Daniel Boutwell,
Defendants-Appellants.

No. 89–4495

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 11, 1990.

Certiorari Denied Nov. 26, 1990.
See 111 S.Ct. 533.

Ronald W. Lewis (Court-appointed), Oxford, Miss., for Knight.

Charles A. McIntosh (Court-appointed), Oxford, Miss., for Boutwell.

Robert O. Whitwell, U.S. Atty., John R. Hailman, Asst. U.S. Atty., Oxford, Miss., for U.S.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant, Douglas Knight, pleaded guilty in federal court to two counts of a 14–count indictment. One of the counts charged him with selling one-half pound of marihuana to an undercover agent and the other count charged him with possessing after purchase from an undercover agent approximately 50 pounds of marihuana. The plea agreement reserved his right to appeal the denial of a motion to dismiss.

Appellant, Daniel Boutwell, pleaded guilty in federal court only to the count in the 14–count indictment which charged him with possessing after purchase from an undercover agent approximately 50 pounds of marihuana. The guilty pleas of both appellants reserved their right to appeal the denial of their motions to dismiss.

Appellants claim that they were the victims of a "reverse sting" operation carried out by Mississippi police authorities and officials contrary to Mississippi law which holds that reverse sting operations are per se entrapment. The reverse sting is an operation in which the police officials sell the illegal drugs to those charged with the crime. The district court refused to dismiss on the claim of entrapment, and the two participants who pleaded guilty conditionally have appealed.

Appellants do not claim entrapment because it is well established that under fed-

eral law a reverse sting is not entrapment. *United States v. Russell,* 411 U.S. 423, 431, 93 S.Ct. 1637, 1642, 36 L.Ed.2d 366 (1972). Since the *Russell* decision, general acceptability of a reverse sting operation, so long as other requirements are met to avoid a finding of entrapment, have been confirmed over and over again. *See, e.g., United States v. Nixon,* 777 F.2d 958, 963 (5th Cir.1985).

Instead of claiming entrapment, because the law is so firmly established with respect to reverse sting entrapment, appellants assert that this particular reverse sting operation was so outrageous as to violate due process of law. *Kinsella v. United States ex rel Singleton,* 361 U.S. 234, 246, 80 S.Ct. 297, 304, 4 L.Ed.2d 268 (1960). Appellants urge to us that the conduct was outrageous because this was an instance of Mississippi local and state police and narcotics officers running a reverse sting operation when they knew that a reverse sting has been held by the Mississippi Supreme Court to be entrapment. The argument is that the state officials conspired with federal officials to by-pass the law of Mississippi and accomplish the sting and then turn the apprehended appellants over to the federal officials for indictment and prosecution.

The factual situation as disclosed by the record is not as harsh as appellants urge that it is, although in truth it would probably make no difference even if it were because the offenses were federal as well as state. The record discloses that the state officials were working very closely with federal officials throughout in the entire sting operation. It was a joint operation, the state narcotics task force is funded in part by federal funds, and there was an attempt to have a federal DEA officer or FBI officer on the scene at the time of the climax of the schemes and the arrests, but none were available at the moment. ■ The issue, as we have often said, is the predisposition of the accused to commit the crime, not the encouragement by the government or even the government officials serving as the sellers. *United States v. Tobias,* 662 F.2d 381, 386 (5th Cir. Unit B, 1981), *cert. denied* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982). In *Tobias,* the accused responded to an ad concerning the manufacture of illegal drugs put in the magazine by the United States. When Tobias responded the federal agent urged him not to undertake to manufacture synthetic cocaine because it was too complicated, but urged him to undertake the manufacture of phencyclidene (PCP). The government agent sold him the chemicals, and Tobias called the agent 13 different times for further instructions. A search warrant was then obtained after Tobias had manufactured the PCP and he was apprehended and convicted. We found no entrapment and no outrageous conduct.

■ A due process violation for outrageous conduct will be found only in "the rarest and most outrageous of circumstances." *United States v. Garrett,* 716 F.2d 257, 275 (5th Cir.1983), *cert. denied,* 466 U.S. 937, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984). The circumstances in this case are not outrageous. This was a joint federal-state operation. There was a showing that predisposition to commit the offense was overwhelming. Indeed, the local officers had already recorded a "buy" from Knight, and a large operation headed by Knight was suspected. The claim that the Mississippi law makes the actions of the officials "unlawful" is not accurate. All that the court in Mississippi has held is that a reverse sting operation is entrapment, and thus not admissible against an accused in a criminal case. It is not a situation where the officers carrying it out have committed a violation of the criminal law.

The reverse sting, being a completely acceptable federal device as long as the predisposition to commit crime is present, and the involvement of the federal officials in this particular sting operation make it clear beyond any doubt that this was not an outrageous police operation in violation of due process of law. The district court's denial of the motion to dismiss must be affirmed. In turn, the conditional aspect of the pleas of appellants having been re-

 

solved against them, the sentences involving the guilty pleas stand.

AFFIRMED.