614 So.2d 778 (1993)
STATE of Louisiana, Appellee,
v.
Warren SMITH, Appellant.
No. 24514-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Burt & Hendrix by E. Daniel Burt, Jr., Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Daniel R. Keele, Tommy J. Johnson, Asst. Dist. Attys., Baton Rouge, for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
*779 SEXTON, Judge.
Following his Crosby[1] plea, the defendant, Warren Smith, appeals his conviction for possession of cocaine, a violation of LSA-R.S. 40:967. Finding that his claims of entrapment and governmental misconduct were properly rejected by the trial court, we affirm defendant's conviction and sentence to one year imprisonment at hard labor.
On October 11, 1991, members of the Shreveport Police Department engaged in a "reverse sting" operation in which undercover officers posed as street level drug dealers to effectuate arrests of drug purchasers. The defendant approached one of the undercover officers, J.J. Odom and without solicitation by Officer Odom, the defendant asked for a 20-cent piece, a phrase commonly understood by Officer Odom to indicate a $20 rock of cocaine. Officer Odom informed the defendant that he had dime ($10) bags. The defendant purchased two of the dime bags and was arrested for possession of cocaine.
On the basis that the actions of law enforcement officials constituted governmental misconduct, the defendant filed a motion to quash the bill of information or, in the alternative, a motion to suppress evidence of the cocaine. Following an evidentiary hearing, the trial court denied the motion. Defendant then pled guilty, reserving his right to appeal the denial of his motion to quash or to suppress.
The defendant alleges on appeal that the actions of the law enforcement officials constituted either entrapment or governmental misconduct. A plea of entrapment does not raise a constitutional issue, but is rather a defense on the merits. Accordingly, a motion to quash or a motion to suppress may not be utilized to raise such a defense in advance of trial. State v. Bates, 301 So.2d 619 (La.1974); State v. Roberts, 471 So.2d 900 (La.App.2d Cir. 1985).[2]
However, the government may be estopped from even bringing prosecution because of its own governmental misconduct. Maumus v. Department of Police, New Orleans, 457 So.2d 37 (La.App. 4th Cir.1984), writ denied, 461 So.2d 1054 (La. 1985). See also United States v. Barrera-Moreno, 951 F.2d 1089 (9th Cir.1991), cert. denied, ___ U.S. ___, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992). Thus, a pretrial motion to suppress the evidence or to dismiss the indictment is a proper procedural vehicle to assert a claim of governmental misconduct. See State v. Boyd, 548 So.2d 1265 (La. App.2d Cir.1989), writ denied, 556 So.2d 1259 (La.1990), cert. denied, 496 U.S. 909, 110 S.Ct. 2596, 110 L.Ed.2d 276 (1990); State v. Marks, 503 So.2d 32 (La.App. 1st Cir.1986), writ denied, 506 So.2d 110 (La. 1987).
In support of his position that the actions of law enforcement officials constituted governmental misconduct, defendant principally relies on several cases from other states in which the supplying of contraband to a defendant by a government agent was held to constitute governmental misconduct or entrapment as a matter of law. See, for example, Tanner v. State, 566 So.2d 1246 (Miss.1990). The defendant urges this court to adopt such a bright-line approach and hold that a reverse sting operation in which law enforcement officials sell controlled dangerous substances to a defendant is per se governmental misconduct.
We note that federal courts interpreting the due process clause of the fifth amendment have never adopted such a rationale. In Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), although a majority[3] of the Court acknowledged their willingness to recognize a governmental misconduct defense separate from the defense of entrapment under appropriate circumstances, the Court nevertheless *780 held that the defendant's prosecution and conviction was not barred even if the narcotics he sold were supplied to him by an informant employed by or acting on behalf of the government.
The United States Fifth Circuit Court of Appeals has specifically held that so-called reverse sting operations do not constitute outrageous governmental conduct sufficient to bar prosecution. United States v. Ivey, 949 F.2d 759 (5th Cir.1991), cert. denied, ___ U.S. ___, 113 S.Ct. 64, 121 L.Ed.2d 32 (1992); United States v. Knight, 917 F.2d 1 (5th Cir.1990), cert. denied, 498 U.S. 991, 111 S.Ct. 533, 112 L.Ed.2d 543 (1990). In the Knight case, a case arising out of Mississippi, the Fifth Circuit refused to find the reverse sting operation, performed by federal and Mississippi law enforcement officials working in concert, to constitute outrageous governmental conduct, notwithstanding that a reverse sting operation has been held to be entrapment per se under Mississippi law.
Defendant also argues that the Louisiana Constitution provides greater protection against governmental misconduct than that afforded by the United States Constitution. This position is unfounded. The Louisiana Constitution has been held to provide a broader protection than the United States Constitution under a right to privacy theory. State v. Church, 538 So.2d 993 (La.1989). However, the defense of governmental misconduct stems from the due process clause and is not based on the right to privacy. We are aware of no authority for finding a greater due process protection under the Louisiana Constitution, nor has such authority been cited to us by defendant. The two clauses are nearly identical in language. U.S. Const. amend. V states: "No person shall ... be deprived of life, liberty, or property, without due process of law...." La. Const. Art. 1, § 2 states: "No person shall be deprived of life, liberty, or property, except by due process of law." We find the two clauses to be coextensive and to provide the same due process protection.
Louisiana decisions acknowledging a governmental misconduct defense have consistently relied on federal decisions interpreting federal law. In Louisiana, as in the federal system, the governmental misconduct defense will be recognized only in the rarest and most outrageous circumstances. It requires not only government over involvement in the charged crime, but also a passive role by the defendant. A defendant who actively participates in the crime may not avail himself of the defense. State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990); State v. Boyd, supra.
We decline to find the instant government conduct to have been among the rarest or most outrageous of circumstances. The undercover officers merely stood in an area known for its drug activity and waited for prospective drug purchasers to stop their vehicles or otherwise approach them. There was no further enticement designed to cause persons to stop. Any contact with the undercover officers was necessarily initiated by the prospective drug purchasers. Persons in the area were free to pass by or stop solely at their own option. The defendant stopped his vehicle, initiated contact with Officer Odom, and requested cocaine. Clearly, the defendant actively participated in the drug transaction and accordingly is precluded from benefiting from a governmental misconduct defense.
For the above and foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] Further, we note that a defense of entrapment was unsupported by the evidence presented at the hearing. The defendant's actions in approaching the undercover officer and seeking to purchase cocaine clearly showed his predisposition to possess cocaine. Such predisposition precludes a successful entrapment defense. State v. Brand, 520 So.2d 114 (La.1988); State v. Tate, 593 So.2d 864 (La.App. 2d Cir.1992).
[3] This majority consisted of the concurring and dissenting justices.