Dear Chief Agnew:
Your request for an opinion regarding the constitutionality of "reverse sting" operations has been forwarded to me for research and reply. While your letter was not specific as to the exact information you were requesting, Captain Dorman Pritchard explained to me during a telephone conversation on September 12, 1995 that your office is contemplating placing an undercover officer into the community in the guise of a drug dealer.
Employment by law enforcement officers of a "reverse sting" operation raises questions of whether the accused was entrapped and whether the sting operation constituted government misconduct. Both Louisiana and federal cases reviewing incidents involving employment of a "reverse sting" operation have upheld the constitutionality of using a "reverse sting" operation as an investigation device.
In State vs. Smith, 614 So.2d 778 (La.App. 2nd Cir. 1993), the court rejected the defendant's arguments that use of a "reverse sting" constituted entrapment or governmental misconduct. In Smith the police officers posed as street level drug dealers. The defendant approached an officer and, without solicitation by that officer, asked for $20.00 dollar rock of crack cocaine. The officer sold the cocaine to the defendant, who was then arrested for possession of cocaine. The officers, the court noted:
 merely stood in an area known for it's drug activity and waited or prospective drug purchasers to stop their vehicles or otherwise approach them. There was no further enticement designed to cause persons to stop. Any contact with the undercover officers was necessarily initiated by the perspective drug purchasers. Persons in the area were free to pass by or stop solely at their own option. Smith, supra, at 780.
Thus, the court enunciated the bright line test for entrapment under circumstances under which a "reverse sting" operation is employed. The governmental misconduct offense is recognized only when the government does not simply inject itself into the charged crime, but also involves a defendant who is only passively involved in the crime.
In State v. Kotwitz, 549 So.2d 351 (La.App. 2nd Cir. 1989), the court reviewed the defendant's conviction in light of defendant's complaint of entrapment and governmental misconduct. In rejecting the defendant's claims, the court noted that "[t]he relevant inquiry for a consideration of entrapment in this case is whether the defendant was predisposed to commit the crimes of inciting a felony and corrupt influencing."Kotwitz, supra, at 357. The court also stated that a governmental misconduct defense "requires not only government over involvement in the charged crime, but a passive role by the defendant. A defendant who actively participates in the crime may not avail himself of the defense."Kotwitz, supra, at 359.
Using these cases, copies of which are attached to this letter, as a guide to the prevailing line of case law in Louisiana, you may conclude that under certain circumstances employment of a "reverse sting" operation will both meet constitutional scrutiny and withstand defenses of entrapment and governmental misconduct.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ Douglas W. Freese Assistant Attorney General
DWF:klf
Enclosures