IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30457

KENNETH DALE HOWE; GWENDOLYN SUE HOWE

Plaintiff - Appellant

v.

JOHN E HUGHES; WARD TWO CEMETERY ASSOCIATION; POLICE
JURY OF MOREHOUSE PARISH

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-143

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After reviewing the record in this case and considering the briefs of the parties and arguments of counsel, we affirm the District Court's Judgment essentially for the reasons stated in the Magistrate Judge's Report and Recommendation of July 13, 2005 and March 28, 2006.

Gwendolyn Howe alleges that John Hughes accused her of "discrepancies" in cemetery board finances and of "hiring" her husband. Further, she claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hughes stated that he would bring the matter to the attention of the district attorney. Ms. Howe claims that these statements, made in regards to her termination of employment, violated her constitutionally protected liberty interest in her reputation and the right to clear her name. These state and federal due process claims fail, however, because, at the very least, she admitted to the truth of Hughes's statements; there were financial discrepancies and she did hire her husband, even if only on a volunteer basis. Codd v. Velger, 429 U.S. 624, 627-28 (1977); Rosenstein v. Dallas, 876 F.2d 392, 395-96 (5th Cir. 1989). Her argument that Louisiana state due process law, as it relates to this claim, is broader than federal law is unavailing. State v. Smith, 614 So.2d 778, 780 (La. Ct. App. 1993).

Ms. Howe's state law defamation claim also fails because she admitted to the truth of Hughes's statement. Further, the public statement made by Hughes does not imply that Ms. Howe's actions were criminal. The statement merely suggests that Hughes believed the matter warranted further investigation by the district attorney to determine whether Ms. Howe's actions were criminal. Therefore, Ms. Howe's admissions need not admit to criminal conduct to admit to the truth of Hughes's statements. Based on her admissions and without a presumption of defamation, Ms. Howe is unable to support her claim.

Lastly, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Kenneth Howe's state law defamation claim. That claim is not part of the same case or controversy as Ms. Howe's underlying federal claim.

AFFIRMED.