**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RUBEN RODRIGUEZ and JAIME MAYORGA, <br><br> Defendants-Appellants. | No.   17-10452 <br>          17-10456 <br><br> D.C. Nos. <br> 2:11-cr-00296-JAM-3 <br> 2:11-cr-00296-JAM-4 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 16, 2018[**]
San Francisco, California

Before:      O'SCANNLAIN and BEA, Circuit Judges, and McLAUGHLIN,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Defendants-Appellants Jaime Mayorga and Ruben Rodriguez (together, "Defendants") bring this interlocutory appeal from the district court's denial of their motion to dismiss the indictment on double jeopardy grounds. We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291. *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990). We review the denial of a motion to dismiss the indictment *de novo*, *id.*, but the district court's underlying finding of manifest necessity is reviewed only for abuse of discretion, *United States v. Bonas*, 344 F.3d 945, 947–48 (9th Cir. 2003). We affirm.

On abuse of discretion review, the proper inquiry is "whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). The district court's finding of manifest necessity for a mistrial was neither illogical, implausible, nor without support in the record.

In evaluating a finding of manifest necessity for abuse of discretion, this court has considered whether the factual record shows that "the district court '(1) heard the opinions of the parties about the propriety of the mistrial, (2) considered the alternatives to a mistrial and chose[] the alternative least harmful to a defendant's rights, [and/or] (3) acted deliberately instead of abruptly.'" *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008) (quoting *Bates*, 917 F.2d

at 396). The narrow goal of this court's review is to "weed out 'irrational or irresponsible behavior by the trial judge.'" *Id.* (quoting *Bates*, 917 F.2d at 395). Here, the record shows—and Defendants concede—that the district court (1) heard the parties on the issue of mistrial, (2) solicited, considered, and investigated possible alternatives to mistrial, including substitution of another district judge,[1] and (3) acted "deliberately instead of abruptly" in ordering the mistrial.

According to Defendants, the district court nevertheless abused its discretion in declaring a "manifest necessity" without finding, on the record, that it was not possible to (1) ask the jury whether they would be able to hear the case to conclusion if a further continuance of one or two weeks was granted, (2) ask other Eastern District judges besides those based in Sacramento, such as those based in Fresno, California, to step in or seek to have a visiting judge from another district preside over the remainder of the case, or (3) make further inquiries about Judge

---

[1] The district court's attempts to find an alternative to mistrial through internal court communications are sufficiently supported in the factual record. *See Bonas*, 344 F.3d at 949 ("There may well be peripheral factual matters a district judge may rely on without making a formal record—for example, matters pertaining to the internal operation of the court.").

Shubb's availability to hear the case again.[2]  The district court did not abuse its

discretion in determining that these alternatives would not be practical or adequate.

With regard to Defendants' first proposal, the timing of Judge Mendez's

return was inherently uncertain, as evidenced by Judge England's statements at the

mistrial hearing.  The district court had a reasonable basis to worry that an

indefinite continuance would impair jurors' ability to remember evidence already

presented.  Thus, the district court did not abuse its discretion in determining that

an indefinite continuance of trial was not a viable alternative to mistrial.

With regard to Defendants' second proposal, it is undisputed that Judge

England made inquiries of the other Sacramento-based district judges, and

Defendants concede that those inquiries "may be put informally on the record."

Defendants cite no precedent to support their argument that this effort was

insufficient because the district court did not make a formal finding on the record

that *no* federal district judge could take over the case.  Far from presenting an

"obvious and adequate alternative[] to aborting the trial," such an exhaustive

requirement would place an unreasonably onerous burden on the judge tasked with

---

[2] Defendants also argue that because this appeal concerns the *second* mistrial in Defendants' case, the panel should be particularly solicitous about protecting the rights secured by the Double Jeopardy Clause.  Whatever the merits of that point, however, it does not alter the standard for showing that a "manifest necessity" actually existed on this particular occasion.  The determination of whether a "manifest necessity" to declare a mistrial has arisen at any given time is left to the discretion of the district court.  *Bonas*, 344 F.3d at 948.

17-10452, 17-10456

dealing with the sudden illness of the presiding judge. Defendants argue that Judge England should have at least contacted Eastern-District judges based in Fresno, but even Fresno is 170 miles from the courthouse in Sacramento. Indeed, Defendants themselves did not suggest substitution by a non-Sacramento based judge when given an opportunity to propose alternatives at the mistrial hearing. In the circumstances, the district court did not abuse its discretion in finding a manifest necessity for mistrial after looking for a replacement judge among the other district judges in the Sacramento area.

Finally, upon Defendants' request, Judge England specifically asked Judge Shubb, who had presided over Defendants' first trial, if he was available to step in again. Judge England took a brief recess to contact Judge Shubb, and then reported that Judge Shubb was unavailable, which fact was placed in the record on the transcript of the hearing. With no authority to *compel* Judge Shubb to hear the case, he had no choice but to accept Judge Shubb's abstention. Therefore, the district court did not abuse its discretion in determining that substitution by Judge Shubb was not a viable alternative to mistrial.

In sum, the record does not reveal any "irrational or irresponsible behavior by the trial judge." *Chapman*, 524 F.3d at 1082 (quoting *Bates*, 917 F.2d at 395). The district court did not abuse its discretion in finding a manifest necessity to

declare mistrial. Therefore, it properly denied Defendants' motion to dismiss the indictment.

**AFFIRMED.**