RICO is a powerful weapon for civil litigants in federal court. But it is not a weapon for all purposes. What defendants are alleged to have done in this case, no matter how fraudulent, is not the type of sustained criminal conduct RICO reaches. Counting all the properly pleaded predicate acts, plaintiffs simply have failed to allege a sufficient factual basis for finding a pattern of racketeering by any of the defendants as required under 18 U.S.C. § 1962(c). That was the conclusion of the district court and I would affirm its dismissal of the action on that basis.

Harriet B. Rosen, New York City, for defendant-appellant.

Before: VAN GRAAFEILAND and PRATT, Circuit Judges, and Michael B. MUKASEY, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

We affirm, substantially for the reasons stated in Judge Leval's opinion, *United States v. Casey*, 788 F.Supp. 725 (S.D.N.Y. 1991).

**UNITED STATES of America, Appellee,**

v.

**Sandy F. ALEXANDER, Collette Alexander, Kimberly Alexander, Howard S. Weisbrod, Mary Weisbrod, Herbert Kittel, Michelle Kittel, Charles Zito, Defendants,**

**Paul F. Casey, Defendant–Appellant.**

**No. 1255, Docket 91–1746.**

United States Court of Appeals, Second Circuit.

Argued April 13, 1992.

Decided April 22, 1992.

**John J. DELL'ORFANO, Plaintiff–Appellant,**

v.

**Salvatore ROMANO; Captain Wilcenski; Sgt. Bennett; Investigator Sanacrose, Defendants–Appellees.**

**No. 432, Docket 91–2276.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 6, 1991.

Decided April 23, 1992.

Richard J. Appel, Asst. U.S. Atty., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., Daniel C. Richman, Asst. U.S. Atty., S.D.N.Y., of counsel), for appellee.

