STEPHEN H. ANDERSON, Circuit Judge.
 

 Leroy Lafoon appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. We affirm.
 

 Lafoon pled guilty in the United States District Court for the District of Kansas to one count of possession of amphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and received a 15-year sentence. He filed a 28 U.S.C. § 2255 motion to set aside his sentence, arguing that the Director of the Bureau of Narcotics and Dangerous Drugs (“BNDD”) and the Secretary of Health, Education and Welfare (“HEW”) failed to comply with. the statutory requirements of 21 U.S.C. §§ 811-812 when they transferred amphetamine from a Schedule III to a Schedule II substance in 1971. Thus, he argued-before the district court as he does here, he was improperly sentenced for possessing a Schedule II drug.
 
 [1]
 

 After receiving a response from the government, the district court summarily de
 
 *1184
 
 nied Lafoon’s motion, without providing any factual findings or legal conclusions for the denial. Lafoon argues on appeal that: (1) the district court erred in failing to provide a written opinion with its factual findings and legal conclusions supporting the denial of his petition, thereby obligating this court to review, his claims de novo; and (2) his conviction is “null and void” because of the allegedly improper reclassification in 1971 of amphetamine from Schedule III to Schedule II.
 

 We need not address whether the district court erred in failing to proffer its conclusions and facts supporting its denial of Lafoon’s motion. Even assuming it did, Lafoon’s section 2255 motion fails for two other reasons and we therefore affirm its dismissal.
 

 First, Lafoon pled guilty to a violation involving a Schedule II substance. There is no indication that, nor does he argue that, his guilty plea was anything other than freely and voluntarily given, upon advice of counsel. He has therefore waived any argument relating to scheduling of the controlled substance .involved.
 
 See United States v. Broce,
 
 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989) (defendant who enters a voluntary and intelligent plea upon advice of competent counsel cannot collaterally attack the validity of the plea);
 
 United States v. Davis,
 
 900 F.2d 1524, 1525-26 (10th Cir.) (“By entering a voluntary plea of guilty, Davis waived all nonjurisdictional defenses.”),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).
 

 Further, we reject his argument on its merits. Amphetamine has been classified as a Schedule II substance since 1971. Lafoon contends that the Director of the BNDD and the Secretary of HEW failed to follow the statutory requirements of 21 U.S.C. §§ 811(a)-(c), 812 in 1971 when they transferred amphetamine from Schedule III to Schedule II of the 1970 Controlled Substance Act. Lafoon’s specific argument is that the Attorney General failed to gather the “necessary data” and request from the Secretary of HEW a “medical and scientific evaluation”, as required by Section 811(a).
 
 [2]
 
 Further, he asserts that the evaluation conducted by the HEW Secretary, Elliot L. Richardson, was inadequate.
 
 [3]
 

 This court recently held that “amphetamine was properly classified as a Schedule II controlled substance pursuant to 21 C.F.R. § 1308.12(d).”
 
 United States v. Sullivan,
 
 967 F.2d 370, 373 (10th Cir.1992). In doing so, we specifically rejected a challenge to the adequacy of Secretary Richardson’s scientific and medical evaluation of amphetamine, contained in a letter to the Attorney General. “Although, in retrospect, a more detailed evaluation would have been preferable, we conclude that this evaluation was adequate.”
 
 Id.; see also United States v. Casey,
 
 788 F.Supp. 725 (S.D.N.Y.1991),
 
 aff'd sub nom. United States v. Alexander,
 
 962 F.2d 199 (2d Cir. 1992) (rejecting argument that the Secre
 
 *1185
 
 tary’s letter was an insufficient scientific and medical evaluation of methamphetamine).
 

 Other courts have similarly held that amphetamine and methamphetamine (a derivative of amphetamine) were properly rescheduled, finding no error in the conduct of the Secretary or the Attorney General or the Director of the BNDD.
 
 See United States v. Allison,
 
 953 F.2d 870, 874 (5th Cir.) (“delegation [of authority to reschedule substances] to BNDD was sufficient, and coupled with [the Drug Enforcement Administrations’s] later republication of the results, properly classified methamphetamine as a schedule II controlled substance.”), cer
 
 t. denied,
 
 — U.S. —, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992);
 
 United States v. Kinder,
 
 946 F.2d 362, 368 (5th Cir.1991) (“the Attorney General followed proper procedure in reclassifying methamphetamine as a Schedule II controlled substance.”), cer
 
 t. denied,
 
 — U.S. —, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992);
 
 United States v. Durham,
 
 941 F.2d 886, 889 (9th Cir.1991) (“It is no longer an open question whether methamphetamine has properly been designated a Schedule II controlled substance.”);
 
 United States v. Lane,
 
 931 F.2d 40, 41 (11th Cir.1991) (“the Attorney General and the [BNDD] followed the proper procedures in reclassifying methamphetamine.”);
 
 United States v. Roark,
 
 924 F.2d 1426, 1429 (8th Cir.1991) (after reviewing the procedures followed by the Director of the BNDD, the court concluded “that methamphetamine was and is a Schedule II controlled substance.”).
 

 For the foregoing reasons, the decision of the district court dismissing Lafoon’s petition for a writ of habeas corpus is AFFIRMED. The mandate shall issue forthwith.
 

 [1]
 

 . Classification is significant -because, pursuant to statute, possession • of a Schedule II drug permits a longer sentence than possession of a Schedule III drug.
 

 [2]
 

 . 21 U.S.C. § 811(a) provides in pertinent part as follows:
 

 [T]he Attorney General may by rule—
 

 (1) add to ... a schedule or transfer between ... schedules any drug or other substance if he—
 

 (A) finds that such drug or other substance has a potential for abuse, and
 

 (B) makes with respect to such drug or other substance the findings prescribed by subsection (b) of Section. 812 of this title for the schedule in which such drug is to be placed;
 

 21 U.S.C. § 811(a)(l)(A)-(B).
 

 [3]
 

 . Section 811(b) requires the Secretary to pro- . vide the Attorney General with “a [written] scientific and medical evaluation, and his recommendations, as to whether [a] drug or other substance should be ... controlled or removed as a controlled substance.” 21 U.S.C. § 811(b). In doing so, the Secretary must consider the following factors:
 

 (1) Its actual or relative potential for abuse.
 

 (2) Scientific evidence of its pharmacological effect, if known.
 

 (3) The state of current scientific knowledge regarding the drug or other substance.
 

 (4) Its history and current pattern of abuse.
 

 (5) The scope, duration, arid significance of abuse.
 

 (6) What, if any, risk there is to the public health.
 

 (7) Its psychic or physiological dependence liability.
 

 (8) Whether the substance is an immediate precursor of a substance already controlled under this chapter.
 

 21 U.S.C. § 811(c).