**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JAMES EMMANUEL EARLS,

      Defendant - Appellant.

No. 99-6125
(D.C. No. 93-CR-44-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Earls appeals from the remand sentence imposed by the district court

after he successfully challenged a portion of his original sentence (count 1) on a

§ 2255 motion. <u>See</u> <u>United States v. Earls</u>, Nos. 97-6308, 97-6288, 98-6158,

1998 WL 480149 (10th Cir. Aug. 7, 1998); <u>see</u> <u>also</u> <u>United States v. Earls</u>, 42

F.3d 1321 (10th Cir. 1994) (direct criminal appeal). The parties are familiar with

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

the facts and we need not restate them here, other than to say that Mr. Earls was originally sentenced to 300 months on count 1; 48 months on count 23, and 60 months on count 24, all to run concurrently. On remand, to comply with the circuit's direction, the district court capped the sentence on count 1 at 240 months, but ordered that it run consecutively to counts 23 and 24 (which ran concurrently), thereby resulting in another 300-month sentence.

A district court has the power to impose a consecutive sentence, see 18 U.S.C. § 3584(a), and we presume that the district court has considered the factors contained in 18 U.S.C. § 3553(a), as required by § 3584(b). See United States v. Rose, 185 F.3d 1108, 1110-11 (10th Cir. 1999).

We reject each contention raised by Mr. Earls on appeal. First, in response to Mr. Earls' argument that the statutory maximum term of imprisonment on count 1 of the indictment was four years, the object of the conspiracy alleged was "to possess with the intent to distribute and to distribute amphetamine and/or methamphetamine," 1 R. Indict. at 2, resulting in a statutory maximum of twenty years. The object was not the use of a communication facility with a four-year statutory maximum; merely because such use was alleged as a manner and means of the conspiracy does not equate to another object. Second, the district court did not resentence Mr. Earls on counts 23 and 24 as he contends; rather, the district court resentenced him on count 1, but ran the sentence consecutively, rather than

concurrently as before. The district court acted well within the "sentencing package" doctrine which allows the district court, unless specifically limited by the mandate, to refashion the entire sentence. See United States v. Easterling, 157 F.3d 1220, 1223 (10th Cir. 1998); United States v. Hicks, 146 F.3d 1198, 1201 (10th Cir.), cert. denied, 119 S. Ct. 361 (1998). Third, the district court did not abuse its discretion in not conducting de novo resentencing and reconsidering the type and quantity of drug involved. Although the district court plainly had jurisdiction to reconsider, it came to the completely reasonable conclusion that these issues had been raised, in one form or another, or were without merit given the record evidence, and declined to reconsider. See United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996). Fourth, the argument that amphetamine's reclassification as a Schedule II controlled substance has lapsed because Congress has not made a conforming amendment to the schedules in 21 U.S.C. § 812, is not persuasive given the repeated holding that the reclassification is in accordance with § 811. See United States v. Lafoon, 978 F.2d 1183, 1184-85 (10th Cir. 1992); United States v. Sullivan, 967 F.2d 370, 373 (10th Cir. 1992); see also United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). Finally, the district court could rely upon the testimony of a cooperating government witness, Gerald Merriman; Mr. Earls' arguments are foreclosed by United States v. Singleton, 165 F.3d 1297 (10th Cir.) (en banc), cert. denied, 119 S. Ct. 2371 (1999), and the

panel decision in the direct appeal, <u>see</u> <u>Earls</u>, 42 F.3d at 1326.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge