UNITED STATES of America, Plaintiff–Appellee,

v.

James Clayton SOLOMON, Defendant–Appellant.

No. 01–7045.

United States Court of Appeals, Tenth Circuit.

May 2, 2002.

Before SEYMOUR, McKAY, and
MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** *

SEYMOUR, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner James Clayton Solomon appeals an order of the district court denying habeas relief. Because Mr. Solomon's claim of ineffective assistance of counsel revolves on factual disputes beyond the record, we remand the matter to the district court for an evidentiary hearing on this issue. *See Moore v. United States,* 950 F.2d 656, 660 (10th Cir.1991).

Mr. Solomon pled guilty to conspiracy to possess, manufacture, and distribute methamphetamine in violation of 21 U.S.C. § 846, and was sentenced to eighty-four months' imprisonment under a plea agreement. He subsequently filed a habeas petition under 28 U.S.C. § 2255, alleging, *inter alia,* that the attorney representing him through his plea negotiations labored under a conflict of interest, and that this liability was exacerbated when a subsequent attorney refused to explore this issue as a basis for withdrawing his plea.

In short, Mr. Solomon implicates a certain "Spider" Webb in the drug transaction for which he was arrested. Mr. Solomon contends the United States Attorney expressed interest in information Mr. Solomon might have about Mr. Webb. Mr. Solomon further alleges that when he mentioned Mr. Webb to his retained attorney, Warren Gotcher, Mr. Gotcher stated he was on yearly retainer for Mr. Webb but

he could "work around" any conflict. R. Vol. I, Doc. 1, Ex. C, at 2. Mr. Gotcher subsequently advised Mr. Solomon to discontinue his conversations with the U.S. Attorney and to plead guilty.

Mr. Solomon entered his plea, and alleges that Mr. Gotcher ceased to have contact with him after that point. Mr. Solomon apparently became suspicious that Mr. Gotcher was not pursuing his best interests, but was instead motivated by a conflict of interest stemming from his representation of Mr. Webb. Mr. Solomon filed a hand-written motion seeking to relieve Mr. Gotcher as his counsel and have a public defender appointed. Mr. Gotcher filed a motion to withdraw.

At the hearing on these motions, Mr. Solomon told the district court that he did not believe Mr. Gotcher could represent him to his fullest ability due to a conflict of interest. The court asked what the conflict was and Mr. Solomon stated that it stemmed from Mr. Gotcher's representation of another individual whom Mr. Solomon might implicate if he were to proceed to trial. The court did not explore the ramifications of this conflict with either Mr. Solomon or Mr. Gotcher. Instead, the court permitted Mr. Gotcher to withdraw and appointed a federal defender, Michael Abel, to represent Mr. Solomon.

Mr. Solomon promptly wrote Mr. Abel that he wished to withdraw his plea because he believed his prior attorney was conflicted. Mr. Abel advised Mr. Solomon there was no basis for withdrawing his plea, and Mr. Solomon proceeded to sentencing. In his habeas petition, Mr. Solomon contends Mr. Gotcher's representation was infected by a conflict of interest,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and that Mr. Abel was ineffective in failing to argue this point.

The district court denied Mr. Solomon's petition without an evidentiary hearing. In assessing Mr. Solomon's conflict of interest claim, the district court credited Mr. Gotcher's assertion in an affidavit that there was no conflict and that he did not pressure Mr. Solomon into pleading guilty. The district court further concluded that Mr. Solomon could not demonstrate any prejudice resulting from his attorneys' alleged ineffectiveness, as required by *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he had pled to a sentence below the guideline range.

■■■ "[W]e review the district court's legal rulings on a section 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce,* 146 F.3d 771, 774 (10th Cir.1998). Under 28 U.S.C. § 2255, the district court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996) (quotation omitted). Thus, "[r]eview in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." *United States v. Whalen,* 976 F.2d 1346, 1348 (10th Cir. 1992).

■■■ A criminal defendant is entitled to the assistance of counsel, including the right to conflict-free representation, which extends to representation during plea negotiations. *Moore,* 950 F.2d at 660; *see Holloway v. Arkansas,* 435 U.S. 475, 490, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (conflict "may well ... preclude[ ] defense counsel ... from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution"). Further, "a defendant's right to counsel free from conflicts of interest is not limited to cases involving joint representation of co-defendants ... but extends to any situation in which a defendant's counsel owes conflicting duties to that defendant and some other third person." *United States v. Cook,* 45 F.3d 388, 393 (10th Cir.1995) (quotation omitted).

■■ Under *Holloway,* 435 U.S. at 489, a defendant need not satisfy the prejudice requirement of *Strickland,* 466 U.S. at 687, by demonstrating that the outcome would have been different had his attorney taken a different course of action. Rather, in a conflict case, *Strickland's* prejudice requirement can be satisfied in one of two ways. If the defendant does not object at trial, he must show an actual conflict adversely affected his representation; then prejudice is presumed. *See Mickens v. Taylor,* — U.S. —, — – —, 122 S.Ct. 1237, 1243–44, 152 L.Ed.2d 291, — – — (2002). Alternatively, prejudice will also be presumed if the defendant does object to a conflict at trial, but the trial court fails to inquire into the nature and scope of the conflict and forces the defendant to proceed with the same attorney. *See Selsor v. Kaiser,* 81 F.3d 1492, 1504 (10th Cir.1996). Under such a scenario, reversal is automatic. *See Mickens,* — U.S. at — – —, 122 S.Ct. at 1241–42.

■■■ Thus, where a defendant raises the conflict before the trial court, the court must either appoint new counsel or inquire into the nature and scope of the conflict until satisfied that any conflict does not risk compromising the defendant's representation. *See Holloway,* 435 U.S. at 484. Here, when Mr. Solomon raised the conflict, the district court allowed his attorney

to withdraw and appointed a federal defender. It is not clear, however, that this cured any adverse effect of the conflict. Mr. Solomon had already entered his guilty plea at that point. The alleged conflict existed at the time of the plea negotiations. The district court did not determine whether the conflict adversely affected the plea negotiations. While it would have been preferable for Mr. Solomon to raise the conflict prior to entering his plea, he alleges that Mr. Gotcher assured him the conflict would not be a problem.

What is clear is that shortly after Mr. Abel was appointed, Mr. Solomon alerted him of the conflict and his desire to withdraw his plea. An attorney who refuses to investigate a valid claim of conflict of interest may have been ineffective. *See Cook,* 45 F.3d at 395 (holding appellate counsel ineffective in failing to argue obvious conflict of interest issue). It cannot be determined on this record whether the claim of conflict is valid. If Mr. Solomon's allegations are true, he would be entitled to relief. Accordingly, it is appropriate to remand to the district court for an evidentiary hearing on this claim. *See United States v. Bowie,* 892 F.2d 1494, 1500 (10th Cir.1990) ("[S]ince the district court conducted no inquiry into possible conflicts, if we can discern from the record the possibility of an actual conflict with an adverse effect, we should remand to the district court for an evidentiary hearing on the matter.").

Because we are remanding based on the claim of ineffective assistance of counsel, we do not reach Mr. Solomon's other arguments on appeal.

We REVERSE and REMAND this matter to the district court to determine whether Mr. Gotcher labored under an actual conflict of interest that influenced his representation of Mr. Solomon, and therefore whether Mr. Abel was ineffective in refusing to move to withdraw Mr. Solomon's plea.