**Stephen B. ELLIOTT, Petitioner,**

v.

**DRUG ENFORCEMENT**
**ADMINISTRATION,**
**Respondent.**

**No. 02–1277.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 11, 2003.

Rehearing En Banc Denied
March 26, 2003.

Before GINSBURG, Chief Judge;
SENTELLE and ROGERS, Circuit
Judges.

*JUDGMENT*

PER CURIAM.

This petition for review of an order of the Drug Enforcement Administration was considered on the briefs and appendix filed by the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner challenges a regulation transferring amphetamine and methamphetamine from Schedule III to Schedule II under the Controlled Substances Act. Although Congress initially placed these drugs on Schedule III, the Act expressly authorizes the Attorney General to "transfer ... any drug"—not just "new" drugs, as petitioner suggests—from one schedule to another if certain criteria are met. *See* 21 U.S.C. § 811(a)(1). This does not represent an unconstitutional delegation of authority, *see, e.g., United States v. Gordon,* 580 F.2d 827, 837–41 (5th Cir.1978), nor has peti-

tioner demonstrated that the transfer of amphetamine and methamphetamine from Schedule III to Schedule II is otherwise objectionable. *See, e.g., United States v. Lafoon,* 978 F.2d 1183, 1184–85 (10th Cir. 1992). The petition for review is therefore denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.