**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CLAYTON SOLOMON,

    Defendant - Appellant.

No. 03-7017
(D.C. No. 00-CV-365-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**   *

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Solomon, an inmate appearing pro se, seeks review of the district court's denial of his § 2255 motion. We affirm.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Solomon pleaded guilty to conspiracy to possess, manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846, and pursuant to a Fed. R. Crim. P. 11(c)(1)(C)[1] plea was sentenced to 84 months imprisonment, followed by five years supervised release. The agreed-upon sentence was substantially less than it would have been otherwise (guideline range of 120-135 months). Doc. 25 at 3.

Mr. Solomon's conviction was affirmed on direct appeal after an Anders brief. United States v. Solomon, No. 99-7086, 2000 WL 293829 (10th Cir. Mar. 21, 2000). He subsequently filed a § 2255 motion which the district court construed as asserting ten claims: (1) ineffective assistance of retained counsel due to conflict, and ineffective assistance of appointed counsel that subsequently represented him; (2) erroneous calculation of drug quantity amounts; (3) erroneous firearms enhancement; (4) wrong Sentencing Guidelines were used, (5) prosecutorial misconduct involving introduction of allegedly perjured testimony of an Arkansas police investigator, (6) unconstitutionality of 21 U.S.C. § 841(b)(1)(A) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); (7) misclassification of methamphetamine as a Schedule II drug, (8) inadequate advisement by the court or counsel as to the elements of the crime charged; (9) a defective indictment given Apprendi and the district court therefore lacked

---

[1] Then Rule 11(e)(1)(C).

jurisdiction; and (10) lack of jurisdiction by the government over the indictment. The district court denied the 28 U.S.C. § 2255 motion on all grounds. This court granted Mr. Solomon a certificate of appealability and directed a response brief from the government. Reaching the first ground only, we reversed and remanded to determine whether retained counsel had a conflict of interest and whether appointed counsel was ineffective for not moving to withdraw Mr. Solomon's plea. United States v. Solomon, No. 01-7045, 2002 WL 827593, at *2 (10th Cir. May 2, 2002). On remand, the parties stipulated to the dismissal of the first ground. Mr. Solomon now seeks review of the remaining issues raised in Case No. 01-7045.

We have reviewed the complete record on appeal and Mr. Solomon's filings with this court and conclude that the district court did not err in its rulings on the remaining issues. Notwithstanding that we discussed the firearms enhancement on direct appeal, this court plainly is without jurisdiction (on direct appeal and certainly under § 2255) to address Mr. Solomon's claims that his sentence is improper. This is because Mr. Solomon entered into a plea agreement with a specific sentence. He does not argue that the sentence is more than what was agreed, and we are without jurisdiction to entertain claims that his sentence is greater than the sentence range specified in the applicable guidelines. United States v. Trujeque, 100 F.3d 869, 870 (10th Cir. 1996); United States v.

Denogean, 79 F.3d 1010, 1013-1014 (10th Cir. 1996). The district court was correct as a matter of law when it observed that because of the stipulated sentence, claims (2)-(5), as enumerated by the district court, "ultimately had no effect on the sentence which [Mr. Solomon] received." R. Doc. 25 at 4. As a result, we likewise reject any issues Mr. Solomon asserts which pertain to sentence calculation.

We also conclude Mr. Solomon's remaining claims were adequately addressed by the district court and are without merit. The argument that methamphetamine is not properly classified as Schedule II has been repeatedly rejected. United States v. Lafoon, 978 F.2d 1183, 1184 (10th Cir. 1992); United States v. Sullivan, 967 F.2d 370, 373 (10th Cir.1992). In addition, subsequent to the district court's order, this court held that Apprendi is not retroactive to initial § 2255 motions. United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.), cert. denied, 123 S. Ct. 388 (2002).

We AFFIRM for substantially the same reasons as stated by the district court in its order filed March 21, 2001.

Entered for the Court

Per Curiam

- 4 -